ORIGINAL

**MEMORANDUM ENDORSEMENT**

Simon J. Burchett Photography, Inc. v. Alibaba Group (U.S.) Inc.
et al.,
23 Civ. 9853 (LLS)

   Without need for a prior conference, plaintiff may file and

serve its Third Amended Complaint. Since that complaint replaces

the earlier complaints, Defendants' pending Motion to Dismiss

the Second Amended Complaint (Dkt. No. 24) and plaintiff's

nascent motion for leave to amend the Second Amended Complaint

are moot, and are accordingly dismissed.

   Defendants have leave to move for dismissal of the Third

Amended Complaint without a pre-motion conference.

   So ordered.

Dated:   New York, New York
         February **23** 2024

                              _Louis L. Stanton_
                              LOUIS L. STANTON
                                  U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/24

**Dechert**
LLP

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

# MEMO ENDORSED

**JENNIFER INSLEY-PRUITT**

jennifer.insley-pruitt@dechert.com
+1 212 698 3653  Direct
+1 212 698 3599  Fax

MEMO ENDORSED

February 21, 2024

**VIA ECF**

The Honorable Louis L. Stanton
United States District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Simon J. Burchett Photography, Inc. v. Alibaba Group (U.S.) Inc. et al.*, 23-cv-09853
(LLS): Response to Plaintiff's Request for a Pre-Motion Conference – Proposed Motion to
Amend the Second Amended Complaint

Dear Judge Stanton:

We write on behalf of defendants Alibaba Group (U.S.) Inc., Alibaba Cloud US LLC,
Alibaba.com US E-Commerce Corp., Alibaba.com U.S. LLC, and Alibaba.com LLC (the
"Movant Defendants") in the above-captioned action in response to Plaintiff Simon J. Burchett
Photography, Inc.'s ("Plaintiff's") letter of February 20, 2024 seeking permission to file an
attached proposed Third Amended Complaint or, in the alternative, requesting a seven-day
extension of time to respond to Movant Defendants' pending Motion to Dismiss.

## I.     Factual Background

Movant Defendants filed the pending Motion to Dismiss the Second Amended Complaint on
February 5, 2024. Dkt. No. 24. On February 6, 2024, Plaintiff filed a letter request for a pre-
motion conference on a proposed motion to amend the Second Amended Complaint. Dkt. No.
30. On February 7, 2024, Movant Defendants responded to Plaintiff's letter request, explaining
that Plaintiff's request was made in bad faith, and that Plaintiff had provided no basis for the
Court to conclude that amendment would not be futile. Dkt. No. 31. On February 12, 2024,
Plaintiff filed another letter with the Court, apparently seeking to simultaneously bolster its
February 6 letter and justify its ongoing failure to even attempt service on defendant Alibaba
Group Holding Limited. Dkt. No. 32. On February 13, 2024, Defendants filed a response to
Plaintiff's February 12 letter noting that the time in which to serve Alibaba Group Holding
Limited had already expired, asking the Court to dismiss that entity from the litigation, and
further noting that Plaintiff had *still* failed to even detail its proposed amendment, let alone
explain the need for the proposed third bite at the apple. Dkt. No. 33.



The Honorable Louis L. Stanton
February 21, 2024
Page 2

The Court has not yet addressed Plaintiff's request for a pre-motion conference on its proposed motion for leave to amend, and Plaintiff has not filed a motion for leave to amend. Pursuant to Local Rule 6.1(b), Plaintiff's opposition to Movant Defendants' motion to dismiss was due on February 20, 2024.

## II.      Plaintiff's February 20 Letter

Plaintiff did not file a response to the Motion to Dismiss on its February 20 deadline. Instead, at 7:54 PM on that day, Plaintiff filed a letter request for seven days' extension of time to respond to the Motion. Dkt. No. 35. In an apparent attempt to support this request, Plaintiff states that "In light of the change in the named defendants, plaintiff proposed to defendants' counsel withdrawing the matter without prejudice, which will allow the parties to discuss a possible resolution. Regrettably, defendants have not been able to respond prior to this correspondence due to the holiday in China." *Id.*

Plaintiff's request that Movant Defendants consent to voluntary dismissal in no way justifies Plaintiff's belated effort to obtain an extension of time to respond to the Motion to Dismiss. Moreover, Plaintiff directly misrepresents Movant Defendants' response to Plaintiff's request. Contrary to Plaintiff's claim, counsel for Movant Defendants replied to Plaintiff's counsel's correspondence approximately thirty-two hours *before* Plaintiff filed its February 20 letter, and informed Plaintiff's counsel that Movant Defendants would not consent to voluntary dismissal. *See* Exhibit A. On the other hand, Plaintiff did not ask Movant Defendants to consent to the requested extension of time to respond to the Motion to Dismiss in advance of filing its February 20 letter – a fact that Plaintiff is able to avoid mentioning in the letter only because its extension request does not comply with the Court's Individual Practices. *See* Dkt. No. 35; Individual Practices of Judge Louis L. Stanton at ¶ 1(E).

Plaintiff also purports to attach a proposed Third Amended Complaint to its February 20 letter. However, Plaintiff's renewed request to amend its complaint for a third time still makes no attempt to meet the legal standard to justify amendment. "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As Movant Defendants have explained, Plaintiff's attempt to amend is both futile and in bad faith, and nothing in the February 20 letter changes this. *See* Dkt. No. 31. Plaintiff's letter does not address these arguments.

The proposed Third Amended Complaint is 652 paragraphs long, 318 paragraphs longer than the Second Amended Complaint, but Plaintiff has neglected to submit a redline comparison showing



The Honorable Louis L. Stanton
February 21, 2024
Page 3

changes from the Second Amended Complaint. The proposed amended pleading refers to 25 identified exhibits – 16 more than were attached to the Second Amended Complaint – but Plaintiff has not provided any of these exhibits to the Court or to Movant Defendants.

While Plaintiff's failure to provide either a redline or a complete document make the proposed Third Amended Complaint challenging to review, it is nonetheless crystal clear that Plaintiff's efforts do not in fact adequately address the deficiencies identified in the Motion to Dismiss. In fact, Plaintiff only introduces new problems by seeking to add two more defendants with no particular connection to New York. Plaintiff's improper efforts to overcome this barrier with unsupported claims that separate corporate entities are one and that wholly foreign entities "conduct business in this Judicial District" will not save yet another deficient pleading.

### III.    The Court Should Dismiss This Litigation and Deny Plaintiff's Request for Leave to Amend

Movant Defendants respectfully submit that Plaintiff should not be rewarded for both ignoring the pending Motion to Dismiss and flouting the Court's established procedures for seeking an extension. Accordingly, Movant Defendants respectfully request that the belated request for an extension be denied, the Motion to Dismiss be granted, and the Second Amended Complaint be dismissed in its entirety. Movant Defendants further specifically request that Alibaba Group Holding Limited be dismissed pursuant to Rule 4(m) due to Plaintiff's failure to even attempt service on this entity within ninety days of the filing of the initial complaint. *See* Dkt. No. 33.

Movant Defendants also oppose both Plaintiff's request to amend its complaint for a third time and Plaintiff's attempt to file a futile Third Amended Complaint without even submitting a motion for leave to amend. Should the Court wish to entertain Plaintiff's request for leave to file a Third Amended Complaint, Movant Defendants respectfully request that the Court set a pre-motion conference in accordance with Your Honor's Individual Practices followed by a full briefing schedule on a motion to amend.

Respectfully submitted,

*Jennifer Insley-Pruitt*

Jennifer Insley-Pruitt

cc:    Richard M. Garbarini, Esq. (by ECF)